The opinion of the court, (Tilghman, J. being absent,) was delivered by
Duncan, J.
The declaration contains the common money counts on promises alleged to be made to the intestate in his life time, to which then are added a special count and promise to the administratrix as administratrix for the same cause of action,- stating a promise to Nacca Gregg, as administratrix of James Gregg, and the cause of action to have arisen in his life time, and the indebtedness to him. There is a general judgment on both counts.
It is a settled rule, that a plaintiff cannot join in the same action, a demand as executor, with one in his own right: all the contradictions to be found, arise from the application of the rule. Wherever the funds to which the money and the costs are to be applied, or out of ivhich the costs are to be paid, are the same, and the money when recovered ivould be assets,- then the counts may be joined, and this is the best guide, a line plain and intelligible. Here the amount recovered, as well debt as costs, would be assets in the hands of the administratrix. It would be the same fund, and the administratrix has declared for it in the second count, *235 not in her own right, but in her representative character. The early rule was so, Bull v. Palmer, 2 Lev. 166, and Morris v. Jackson, 3 Lev. 60. Afterwards this rule had been departed from in the English courts, but they have returned to it as the most convenient and just course, and it now seems to be established there. There are many reasons in favour of this rule, one of frequent occurrence, when six; years have elapsed since the testator’s or intestate’s death, and to avoid the statute of limitations, it is necessary to show an acknowledgment or promise since his death. Then, from necessity, the promise to the executor or administrator, as such, is joined with promises to the deceased in separate counts, and this it was determined in this court might be done. Jones and others v. Moore, 5 Binn. 573. There was, therefore, no misjoinder, and judgment is properly entered on the verdict for the money recovered, both debt and costs, for both would be assets in the hands of the plaintiff, who seeks nothing in her own right, but declares for all in her representative character.
Judgment affirmed.